UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.  ) | CAUSE NO.  1:02cr109 |
| ) | |
| FREDERICK J. MORGAN, SR.  ) | |
| ) | |

OPINION AND ORDER

This matter is before the court on a "Motion to Modify/Correct Sentence" filed by the defendant Frederick J. Morgan, Sr. ("Morgan"), on May 3, 2005. Morgan is proceeding pro se. On June 17, 2005, the government filed its response, to which Morgan replied on July 18, 2005.

For the following reasons, Morgan's motion will be converted to motion under 28 U.S.C. § 2255.

Discussion

On October 1, 2002, a criminal complaint was filed against Morgan charging him with distribution of more than 5 grams but less than 50 grams of cocaine base "crack", in violation of 21 U.S.C. § 841(a)(1). On October 7, 2002, Attorney Michelle Kraus entered her appearance on behalf of Morgan. On this same date, Morgan made his initial appearance before the Magistrate Judge on the complaint. On October 9, 2002, after a probable cause and detention hearing, the Magistrate Judge detained Morgan for further proceedings.

On October 23, 2002, a federal grand jury returned a six count indictment against Morgan. Count 1 of the indictment charged that on or about September 27, 2002, Morgan distributed more than 5 grams but less than 50 grams of cocaine base "crack", in violation of 21 U.S.C. § 841(a)(1). Count 2 charged that on the same date Morgan possessed with intent to

distribute less than 100 grams of heroin, in violation of 21 U.S.C. § 841(a)(1).  On October 24, 2002, Morgan made his initial appearance on the indictment and entered a plea of not guilty.  On that same date, the Magistrate Judge scheduled the jury trial for December 17, 2002.  On October 25, 2002, the government filed its notice pursuant to 21 U.S.C. § 851(a)(1) that it intended to seek an enhanced sentence.  Prior to trial various pretrial motions, responses and briefs were filed by the parties, followed by Orders of the court.

On June 24, 2003, a jury was selected and a trial began.  Morgan put on evidence, testifying in his own defense.  On June 25, 2003, this court read and provided the jury with the Court's Final Instructions.  On June 25, 2003, the jury returned its verdicts finding Morgan guilty of Count 1 and on Count 2 guilty of the lesser included offense of possession of heroin.

On June 30, 2003, Morgan, pro se, filed a motion for judgment of acquittal pursuant to Fed.R. Crim.  P.  29.  On July 2, 2003, Morgan, pro se, filed an amended motion for judgment of acquittal.  On July 2, 2003, Attorney Kraus filed a motion to withdraw.  On August 4, 2003, Attorneys Marc Martin and Michael Gillespie entered their appearance on behalf of Morgan.  On that same date, this court granted Attorney Kraus' motion to withdraw.  On August 8, 2003, this court entered an order giving Morgan's attorney until September 8, 2003, to either adopt the pro se motion for acquittal or to file a similar motion on behalf of Morgan.  On September 8, 2003, Morgan's attorneys filed a motion to partially adopt the pro se motion for judgment of acquittal, and for leave to permit Morgan to withdraw allegations of ineffective assistance of counsel without prejudice.  On September 22, 2003, the government filed its response in opposition to Morgan's amended motion for judgment of acquittal.  On October 21, 2003, this court denied Morgan's motion for judgment of acquittal.

2

A Presentence Investigation Report (PSR) was prepared by the United States Probation Office. Based upon the amount of crack cocaine involved, 6.4 grams, Morgan's base offense level was 26. There were additional amounts of drugs which were included as relevant conduct. However, those amounts did not affect the base offense level of 26. Morgan's criminal convictions resulted in a score of 8. At the time Morgan committed the offense, he was on probation and two additional points were added. Thus, Morgan had a total of 10 criminal history points, resulting in a criminal history category of V.

On November 10, 2003, with a total offense level of 26 and a criminal history category of V, resulting in a guideline range of 110 to 137 months, Morgan was sentenced to 120 months imprisonment on Count 1 and 24 months imprisonment on Count 2, to run concurrent. Morgan was sentenced to 8 years supervised release on count 1 and one year of supervised release on Count 2, to run concurrent. Morgan was also ordered to pay a mandatory fine of $2,500.00 on count 2 and a $200 special assessment. On November 18, 2003, Morgan timely filed his Notice of Appeal. On December 23, 2003, Attorney Martin filed a motion with the Seventh Circuit to withdraw as appellate counsel.

On January 2, 2004, Morgan, pro se, filed a motion to extend the time to file his brief and the Seventh Circuit granted this motion on January 5, 2004. On February 19, 2004, the Seventh Circuit entered an Order discharging Attorney Martin from further responsibility in the appeal and granting Morgan's motion to proceed on appeal pro se. On March 25, 2004, Morgan, pro se, filed his appeal brief. On April 21, 2004, the government filed a motion to strike Morgan's brief for failure to comply with Rules 28(a)(7) and 30(a)(1)(D) of the Federal Rules of Appellate Procedure and Circuit Rule 28(c). On April 23, 2004, the Seventh Circuit denied the

government's motion.  On April 28, 2004, the government filed its brief.  On May 7, 2004, Morgan, pro se, filed a motion to order records under Rule 10(b)(1).  On May 10, 2004, the Seventh Circuit entered an Order denying Morgan's motion without prejudice for renewal before the district court.  On May 14, 2004, the government filed its response in opposition to Morgan's motion.  On June 9, 2004, this court entered an Order denying Morgan's Rule 10(b)(1) motion.  On October 21, 2004, the Seventh Circuit issued a Mandate and entered a final judgment affirming Morgan's convictions.  On October 25, 2004, Morgan, pro se, filed a 10c petition for rehearing before the Seventh Circuit.

On February 14, 2005, Morgan, pro se, filed a motion to add claims of alleged unconstitutional sentence pursuant to the United States Sentencing Guidelines to the appellate proceedings.  On February 22, 2005, the Seventh Circuit issued an Order denying as untimely Morgan's motion to add claims of alleged unconstitutional sentence.

On May 3, 2005, before this court, Morgan filed the present pro se motion to modify/correct his sentence.  On May 10, 2005, the Seventh Circuit issued an order denying Morgan's petition for rehearing which he filed on October 26, 2004.  On May 18, 2005, the Seventh Circuit reissued the Mandate in this case.  United States v. Morgan, 384 F.3d 439 (7th Cir. 2005).  On May 25, 2005, the Seventh Circuit denied Morgan's pro se Motion to Stay and/or Recall Mandate, which Morgan had filed on May 23, 2005.

In his present "Motion to Modify/Correct Sentence", Morgan alleges that:  (1) this court erred when it allowed the government and the probation office to enhance his sentence pursuant to 21 U.S.C. § 851 and U.S.S.G. § 4B1.1; (2) relying on Apprendi, Blakely and Booker, Morgan further alleges that this court erred when it included the drugs from the house as relevant conduct

4

under U.S.S.G. § 1B1.3 when no evidence was presented to the trial jury as to the amounts of drugs recovered form the house; and (3) this court erroneously calculated his criminal history points which he claims "boosted" his criminal history category.

Although Morgan recites 18 U.S.C. § 3582(c) and 18 U.S.C. § 3553(c)(2) as the basis for his motion, the government correctly asserts that Morgan's motion is actually a 28 U.S.C. § 2255 motion in disguise. 18 U.S.C. § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extend that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In the present case, Morgan has failed to point to any amendments to the Sentencing Guidelines that would affect his sentence and bring Section 3582(c)(2) into play. As the Seventh Circuit has recently stated, "18 U.S.C. § 3582(c)(2) authorizes an inmate to file a motion to reduce a sentence based on a subsequent amendment to the guidelines, not based on new case law. The proper way for [a defendant] to challenge his sentence on the basis of Booker would be to file a motion under 28 U.S.C. § 2255." Hayes v. United States, 2005 WL 1523491 (7th Cir. June 29, 2005). See also United States v. Shipp, 2005 WL 1562354 (7th Cir. July 5, 2005)(holding that district court properly recharacterized a § 3582(c)(2) motion as a collateral attack under 28 U.S.C. § 2255).

18 U.S.C. § 3553(c) provides in pertinent part:

> The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the

>sentence --
>
>\* \* \*
>
>(2) is not of the kind, or is outside the range, described in subsection (a)(4) [ i.e. a sentence covered by the Guidelines], the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in the written order of judgment and commitment. . . .

It is undisputed that Morgan's sentence was calculated using the Guidelines. Thus, § 3553(c)(2) does not apply.

Accordingly, as there are no alternative statutes for Morgan to base his motion upon, he is required to file his motion pursuant to 28 U.S.C. § 2255. When a district court is faced with a mislabeled § 2255 motion, the court should notify the prisoner and allow him to withdraw the motion so that he does not inadvertently use up his sole allotted collateral attack. Henderson v. United States, 264 F.3d 709, 711 (7th Cir. 2001). If a prisoner is not warned that his claim could and would be construed as a § 2255 motion, an uninformed prisoner would not be able to intelligently decide whether to withdraw his motion or to add to it any other claims that he desired to present in a collateral attack. United States v. Nolan, 358 F.3d 480, 485 (7th cir. 2004).

Conclusion

In accordance with the law, this court construes Morgan's "Motion to Correct/ModifySentence" as a motion under 28 U.S.C. § 2255. Morgan shall, within 30 days, either withdraw his motion, or file a supplemental brief setting forth all claims he wishes to present to the court in his § 2255 motion.

6

Entered: July 21, 2005.

s/ William C.  Lee  
William C. Lee, Judge  
United States District Court