UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FREDERICK J. MORGAN, SR., | ) |
| Petitioner, | ) |
| v. | ) CAUSE NO. 1:02cr109 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

OPINION AND ORDER

On January 11, 2006, this court entered an order denying petitioner Frederick J. Morgan, Sr.'s ("Morgan") motion for relief pursuant to 28 U.S.C. § 2255. On February 6, 2006, Morgan, proceeding pro se, filed a Notice of Appeal.

Pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, no appeal may be taken from the final order in a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The test is whether the questions the petitioner presents are "debatable among jurists of reason," that a court could resolve the matter differently, or that the questions are deserving of further encouragement. Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983); Spaulding v. Briley, 2001 WL 1155083 (N.D. Ill. Sept. 27, 2001). Although Morgan did not file a request for certificate of appealability, such a request is implied in his Notice of Appeal.

In his § 2255 motion, Morgan alleged that this court erred when it allowed the

government and the probation office to enhance his sentence pursuant to 21 U.S.C. § 851 and U.S.S.G. § 4B1.  Relying on Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 124 S.Ct. 2531 (2004) and United States v. Booker, 125 S.Ct. 738 (2005), Morgan alleged that this court erred when it included certain drugs as relevant conduct under U.S.S.G. 1B1.3 when no evidence was presented to the trial jury as to the amounts of drugs recovered. Morgan further alleged that this court erroneously calculated his criminal history points which he claims "boosted" his criminal history category.  In a supplemental brief, Morgan alleged a host of ineffective assistance of counsel claims.

Morgan has failed to present any issues in this case that are "debatable among jurists of reason" or are worthy of further encouragement.  As this court noted in its order denying Morgan's § 2255 petition, the majority of Morgan's claims are non-constitutional issues that could have been raised on direct appeal.  As such, the claims have been waived and are procedurally barred.  Moreover, as discussed in the order denying Morgan's petition, the claims are devoid of any merit.  With respect to the ineffective assistance of counsel claims, Morgan failed to present evidence of any errors amounting to ineffective assistance, and also failed to make any showing of prejudice.  Rather, the record in this case clearly reflects that Morgan's counsel did not fall outside the range of reasonably competent representation and that counsel did not render constitutionally defective assistance of counsel. Morgan was effectively represented and he has not shown deficient performance or prejudice as to any of his conclusory allegations of ineffective assistance of counsel as required under the law.

As Morgan has failed to make any showing that rulings on the issues presented by his Section 2255 petition were wrong or debatable, the court will not grant him a certificate of

appealability.

## Conclusion

Based on the foregoing, Morgan's request for certificate of appealability is hereby DENIED.

Entered: February 15, 2006.

s/ William C. Lee
William C. Lee, Judge
United States District Court
