**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Case No. 1:02-CR-109 |
| ) | |
| FREDERICK MORGAN, ) | |
| ) | |
| Defendant  ) | |
| ) | |

## OPINION AND ORDER

Before the Court is Defendant Frederick Morgan's ("Morgan's") "Motion to Reduce Sentence Pursuant to 18 U.S.C. §3582(c)" filed on November 1, 2007. The motion was filed by Morgan *pro se* in anticipation of the Sentencing Commission's decision to apply the recent amendment to the crack guidelines, U.S.S.G. §2D1.1 retroactively. At the time of the filing of the motion, however, the decision to retroactively apply the amendment had not been made. When it became clear that the amendment was, in fact, intended to apply retroactively, the undersigned appointed counsel for Morgan and ordered the Government to file a supplemental response to Morgan's motion. The Government filed its supplement on January 14, 2008.

On February 22, 2008, appointed counsel for Morgan filed a "Status Report" wherein counsel indicated that because Morgan was sentenced to a mandatory minimum sentence under U.S.S.G. §5G1.1, he is not eligible for a sentencing reduction under the amendment to the crack guidelines. On March 25, 2008, Morgan, through counsel, filed a reply brief which reiterated that even if the crack amendment were applied to Morgan's case, it would have no effect on his sentence since he was sentenced to a mandatory minimum sentence. On March 27, 2008, the United States Probation Office submitted an "Addendum to the Presentence Report" which further confirms that even with the retroactive amendment Morgan is not eligible for a sentencing reduction under the

2007 crack cocaine guideline amendment because the statutorily required minimum sentence of 120 months is the required sentence by U.S.S.G. §5G1.1(b).

The court has reviewed these filings and has determined based upon those filings that the Defendant's *pro se* Motion for Sentencing Reduction will be DENIED. The Defendant was sentenced to 120 months imprisonment on Count I. This was a statutory mandatory minimum sentence and was not based upon a calculation of the guidelines which has subsequently been lowered by the Sentencing Commission. *See* 18 U.S.C. §3582(c)(2) and Policy Statement, §1B1.10. Accordingly, the Defendant is not eligible for a reduction in his sentence and the Defendant's Motion pursuant to 18 U.S.C. §3582(c)(2) is DENIED.

The Defendant is advised that he may appeal this Order to the Seventh Circuit Court of Appeals within the time provided by Fed.R.App.P. 4. The Clerk is hereby DIRECTED to serve the Defendant a copy of this Order at his place of incarceration.

SO ORDERED. This 13th day of May, 2008.

s/ William C. Lee
United States District Court